UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS


UNITED STATES

V.                                                    NO.  04-10231 (MLW)

SEAN SACCO

_____


<u>DEFENDANT'S REQUEST FOR JURY INSTRUCTIONS</u>

Now comes the defendant Sean Sacco in the above-captioned matter and requests that the jury be instructed as follows:

**1.01 Duties of the Jury**

Ladies and gentlemen: You now are the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial I will give you more detailed instructions. Those instructions will control your deliberations.

It will be your duty to decide from the evidence what the facts are. You, and you alone, are the judges of the facts. You will hear the evidence, decide what the facts are, and then apply those facts to the law I give to you. That is how you will reach your verdict. In doing so you must follow that law whether you agree with it or not. The evidence will consist of the testimony of witnesses, documents and other things received into evidence as exhibits, and any facts on which the lawyers agree or which I may instruct you to accept.

You should not take anything I may say or do during the trial as indicating what I think of the believability or significance of the evidence or what your verdict should be.

2

**1.02 Nature of Indictment; Presumption of Innocence**

This criminal case has been brought by the United States government. I will sometimes refer to the government as the prosecution. The government is represented at this trial by an assistant United States attorney, Victor Wild. The defendant, Sean Sacco, is represented by his lawyer, William White

Sean Sacco has been charged by the government with violation of a federal law. He is charged with Conspiracy to violate federal law and mail fraud. The charges against Sean Sacco] are contained in the indictment. The indictment is simply the description of the charge against Sean Sacco; it is not evidence of anything. Sean Sacco pleaded not guilty to the charge and denies committing the crime. He is presumed innocent and may not be found guilty by you unless all of you unanimously find that the government has proven his guilt beyond a reasonable doubt.

The defendants are being tried together because the government has charged that they acted together in committing the crime of conspiracy. But you will have to give separate consideration to the case against each defendant. Do not think of the defendants as a group.

**1.05 Evidence; Objections; Rulings; Bench Conferences**

I have mentioned the word "evidence." Evidence includes the testimony of witnesses, documents and other things received as exhibits, and any facts that have been stipulated—that is, formally agreed to by the parties.

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence, and a lawyer on the other side thinks

3

that it is not permitted by the rules of evidence, that lawyer may object. This simply means that the lawyer is requesting that I make a decision on a particular rule of evidence.

Then it may be necessary for me to talk with the lawyers out of the hearing of the jury, either by having a bench conference here while the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

Certain things are not evidence. I will list those things for you now:

(1) Statements, arguments, questions and comments by lawyers representing the parties in the case are not evidence.

(2) Objections are not evidence. Lawyers have a duty to their client to object when they believe something is improper under the rules of evidence. You should not be influenced by the objection. If I sustain an objection, you must ignore the question or exhibit and must not try to guess what the answer might have been or the exhibit might have contained. If I overrule the objection, the evidence will be admitted, but do not give it special attention because of the objection.

(3) Testimony that I strike from the record, or tell you to disregard, is not evidence and must not be considered.

(4) Anything you see or hear about this case outside the courtroom is not evidence, unless I specifically tell you otherwise during the trial.

4

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for a particular purpose, and not for any other purpose. I will tell you when that occurs and instruct you on the purposes for which the item can and cannot be used.

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is indirect evidence, that is, it is proof of one or more facts from which one can find or infer another fact. You may consider both direct and circumstantial evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## 1.06 Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether the witness is contradicted by anything the witness said or wrote before trial or by other evidence; and (6) how reasonable the witness's testimony is when considered in the light of other evidence which you believe.

5

## 1.07 Conduct of the Jury

To insure fairness, you as jurors must obey the following rules:

First, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict;

Second, do not talk with anyone else about this case, or about anyone who has anything to do with it, until the trial has ended and you have been discharged as jurors. "Anyone else" includes members of your family and your friends. You may tell them that you are a juror, but do not tell them anything about the case until after you have been discharged by me;

Third, do not let anyone talk to you about the case or about anyone who has anything to do with it. If someone should try to talk to you, please report it to me immediately;

Fourth, during the trial do not talk with or speak to any of the parties, lawyers or witnesses involved in this case—you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side— even if it is simply to pass the time of day—an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, it is because they are not supposed to talk or visit with you;

Fifth, do not read any news stories or articles about the case or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it;

6

Sixth, do not do any research, such as consulting dictionaries or other reference materials, and do not make any investigation about the case on your own;

Seventh, if you need to communicate with me simply give a signed note to the [court security officer] to give to me; and

Eighth, do not make up your mind about what the verdict should be until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

### 1.08 Notetaking

I am going to permit you to take notes in this case, and the courtroom deputy has distributed pencils and pads for your use. I want to give you a couple of warnings about taking notes, however. First of all, do not allow your note-taking to distract you from listening carefully to the testimony that is being presented. If you would prefer not to take notes at all but simply to listen, please feel free to do so. Please remember also from some of your grade-school experiences that not everything you write down is necessarily what was said. Thus, when you return to the jury room to discuss the case, do not assume simply because something appears in somebody's notes that it necessarily took place in court. Instead, it is your collective memory that must control as you deliberate upon the verdict. Please take your notes to the jury room at every recess. I will have the courtroom deputy collect them at the end of each day and place them in the vault. They will then be returned to you the next morning. When the case is over, your notes will be destroyed. These steps are in line with my earlier instruction to you that it is important that you not discuss the case with anyone or permit anyone to discuss it with you.

7

## 1.09 Outline of the Trial

The first step in the trial will be the opening statements. The government in its opening statement will tell you about the evidence that it intends to put before you, so that you will have an idea of what the government's case is going to be.

Just as the indictment is not evidence, neither is the opening statement evidence. Its purpose is only to help you understand what the evidence will be and what the government will try to prove. After the government's opening statement, Sean Sacco's attorney may, if he chooses, make an opening statement. At this point in the trial, no evidence has been offered by either side.

Next the government will offer evidence that it says will support the charge[s] against Sean Sacco. The government's evidence in this case will consist of the testimony of witnesses, and may include documents and other exhibits. In a moment I will say more about the nature of evidence.

After the government's evidence, Sean Sacco's lawyer may make an opening statement and present evidence in the Sean Sacco's behalf, but he is not required to do so. I remind you that [defendant] is presumed innocent, and the government must prove the guilt of [defendant] beyond a reasonable doubt. Sean Sacco does not have to prove his innocence.

After you have heard all the evidence on both sides, the government and the defense will each be given time for their final arguments. I just told you that the opening statements by the lawyers are not evidence. The same applies to the closing arguments. They are not evidence either. In their closing arguments the lawyers for the government and [defendant] will attempt to summarize and help you understand the evidence that was presented.

8

The final part of the trial occurs when I instruct you about the rules of law that you are to use in reaching your verdict. After hearing my instructions, you will leave the courtroom together to make your decisions. Your deliberations will be secret. You will never have to explain your verdict to anyone.

### 2.03 Impeachment of Witness Testimony by Prior Conviction

You have heard evidence that [witness] has been convicted of a crime. You may consider that evidence, together with other pertinent evidence, in deciding how much weight to give to that witness's testimony.

### 2.07 Weighing the Testimony of an Expert Witness

You have heard testimony from persons described as experts. An expert witness has special knowledge or experience that allows the witness to give an opinion.

You may accept or reject such testimony. In weighing the testimony, you should consider the factors that generally bear upon the credibility of a witness as well as the expert witness's education and experience, the soundness of the reasons given for the opinion and all other evidence in the case.

Remember that you alone decide how much of a witness's testimony to believe, and how much weight it should be given.

### 2.08 Caution as to Cooperating Witness/Accomplice/Paid Informant

You have heard the testimony of Peter Maggio/Jeffrey DeVeau/other cooperator(s). He:

(1) provided evidence under agreements with the government; and

9

(2) participated in the crime charged against Sean Sacco; and/or

(3) received money or an expectation that his sentence would be reduced by the government in exchange for providing information.

Some people in this position are entirely truthful when testifying. Still, you should consider the testimony of these individuals with particular caution. They may have had reason to make up stories or exaggerate what others did because they wanted to help themselves.

## 2.11 Statements by Defendant

You have heard evidence that Sean Sacco made a statement in which the government claims he admitted certain facts.

It is for you to decide (1) whether Sean Sacco] made the statement, and (2) if so, how much weight to give it. In making those decisions, you should consider all of the evidence about the statement, including the circumstances under which the statement may have been made [and any facts or circumstances tending to corroborate or contradict the version of events described in the statement.

## 2.12 Missing Witness

If it is peculiarly within the power of the government to produce a witness who could give material testimony, or if the witness would be favorably disposed to the government, failure to call that witness may justify an inference that his/her testimony would be unfavorable to the government. No such inference is justified if the witness is equally available or favorably disposed to both parties or if the testimony would merely repeat other evidence.

10

## 2.14 Definition of "Knowingly"

The word "knowingly," as that term has been used from time to time in these instructions, means that the act was done voluntarily and intentionally and not because of mistake or accident.

### 3.01 Duty of the Jury to Find Facts and Follow Law

It is your duty to find the facts from all the evidence admitted in this case. To those facts you must apply the law as I give it to you. The determination of the law is my duty as the presiding judge in this court. It is your duty to apply the law exactly as I give it to you, whether you agree with it or not. You must not be influenced by any personal likes or dislikes, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law. You will recall that you took an oath promising to do so at the beginning of the case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. You must not read into these instructions, or into anything I may have said or done, any suggestions by me as to what verdict you should return— that is a matter entirely for you to decide.

## 3.02 Presumption of Innocence; Proof Beyond a Reasonable Doubt

It is a cardinal principle of our system of justice that every person accused of a crime is presumed to be innocent unless and until his or her guilt is established beyond a reasonable doubt. The presumption is not a mere formality. It is a matter of the most important substance. The presumption of innocence alone may be sufficient to raise a reasonable doubt and to require the acquittal of a defendant. The defendant before you, Sean Sacco, has the benefit of that

presumption throughout the trial, and you are not to convict [him/her] of a particular charge unless you are persuaded of his guilt of that charge beyond a reasonable doubt.

The presumption of innocence until proven guilty means that the burden of proof is always on the government to satisfy you that Sean Sacco is guilty of the crime with which [he/she] is charged beyond a reasonable doubt. The law does not require that the government prove guilt beyond all possible doubt; proof beyond a reasonable doubt is sufficient to convict. This burden never shifts to Sean Sacco. It is always the government's burden to prove each of the elements of the crime[s] charged beyond a reasonable doubt by the evidence and the reasonable inferences to be drawn from that evidence. Sean Sacco has the right to rely upon the failure or inability of the government to establish beyond a reasonable doubt any essential element of a crime charged against him].

If, after fair and impartial consideration of all the evidence, you have a reasonable doubt as to Sean Sacco's guilt of a particular crime, it is your duty to acquit him of that crime. On the other hand, if, after fair and impartial consideration of all the evidence, you are satisfied beyond a reasonable doubt of Sean Sacco's guilt of a particular crime, you should vote to convict him.

**3.04 What Is Evidence; Inferences**

The evidence from which you are to decide what the facts are consists of sworn testimony of witnesses, both on direct and cross-examination, regardless of who called the witness; the exhibits that have been received into evidence; and any facts to which the lawyers have agreed or stipulated. A stipulation means simply that the government and [defendant] accept the truth of a particular proposition or fact. Since there is no disagreement, there is no

12

need for evidence apart from the stipulation. You must accept the stipulation as fact to be given whatever weight you choose.

Although you may consider only the evidence presented in the case, you are not limited in considering that evidence to the bald statements made by the witnesses or contained in the documents. In other words, you are not limited solely to what you see and hear as the witnesses testify. You are permitted to draw from facts that you find to have been proven such reasonable inferences as you believe are justified in the light of common sense and personal experience.

**3.05 Kinds of Evidence: Direct and Circumstantial**

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness that the witness saw something. Circumstantial evidence is indirect evidence, that is proof of a fact or facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

**1.06 Credibility of Witnesses**

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe everything a witness says or only part of it or none of it.

In deciding what to believe, you may consider a number of factors, including the following: (1) the witness's ability to see or hear or know the things the witness testifies to; (2) the quality of the witness's memory; (3) the witness's manner while testifying; (4) whether the witness has an interest in the outcome of the case or any motive, bias or prejudice; (5) whether

13

the witness is contradicted by anything the witness said or wrote before trial or by other

evidence; and (6) how reasonable the witness's testimony is when considered in the light of other

evidence which you believe.

### 3.07 Cautionary and Limiting Instructions as to Particular Kinds of Evidence

A particular item of evidence is sometimes received for a limited purpose only. That is, it

can be used by you only for one particular purpose, and not for any other purpose. I have told

you when that occurred, and instructed you on the purposes for which the item can and cannot be

used.

### 3.08 What Is Not Evidence

Certain things are not evidence. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not

witnesses. What they say in their opening statements, closing arguments and at other times is

intended to help you interpret the evidence, but it is not evidence. If the facts as you remember

them from the evidence differ from the way the lawyers have stated them, your memory of them

controls.

(2) Questions and objections by lawyers are not evidence. Lawyers have a duty to their

clients to object when they believe a question is improper under the rules of evidence. You

should not be influenced by the objection or by my ruling on it.

(3) Anything that I have excluded from evidence or ordered stricken and instructed you to

disregard is not evidence. You must not consider such items.

(4) Anything you may have seen or heard when the court was not in session is not

evidence. You are to decide the case solely on the evidence received at trial.

14

(5) The indictment is not evidence. This case, like most criminal cases, began with an indictment. You will have that indictment before you in the course of your deliberations in the jury room. That indictment was returned by a grand jury, which heard only the government's side of the case. I caution you, as I have before, that the fact that Sean Sacco has had an indictment filed against him is no evidence whatsoever of his  guilt. The indictment is simply an accusation. It is the means by which the allegations and charges of the government are brought before this court. The indictment proves nothing.

### 4.18.371(1) Conspiracy, 18 U.S.C. § 371; 21 U.S.C. § 846

Sean Sacco is accused of conspiring to commit a federal crime— specifically, the crime of defrauding commercial lenders through the use of the mails  and wire communications in interstate commerce and transporting and transferring in interstate commerce stolen goods in excess of $5,000.00.  It is against federal law to conspire with someone to commit this crime.

For you to find Sean Sacco guilty of conspiracy, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, that the agreement specified in the indictment, and not some other agreement or agreements, existed between at least two people to defraud commercial lenders, through the use of the mails and wire communications in interstate commerce and transport and transfer in interstate commerce, stolen goods to the value in excess of $5,000.00; and

> Second, that Sean Saccowillfully joined in that agreement; [and

15

<u>Third</u>, that one of the conspirators committed an overt act

during the period of the conspiracy in an effort to further the

purpose of the conspiracy.]

A conspiracy is an agreement, spoken or unspoken. The conspiracy does not have to be a

formal agreement or plan in which everyone involved sat down together and worked out all the

details.

But the government must prove beyond a reasonable doubt that those who were involved

shared a general understanding about the crime. Mere similarity of conduct among various

people, or the fact that they may have associated with each other or discussed common aims and

interests does not necessarily establish proof of the existence of a conspiracy, but you may

consider such factors.

To act "willfully" means to act voluntarily and intelligently and with the specific intent

that the underlying crime be committed—that is to say, with bad purpose, either to disobey or

disregard the law—not to act by ignorance, accident or mistake. The government must prove two

types of intent beyond a reasonable doubt before Sean Sacco can be said to have willfully joined

the conspiracy: an intent to agree and an intent, whether reasonable or not, that the underlying

crime be committed. Mere presence at the scene of a crime is not alone enough, but you may

consider it among other factors. Intent may be inferred from the surrounding circumstances.

Proof that Sean Sacco willfully joined in the agreement must be based upon evidence of [his/her]

own words and/or actions. You need not find that Sean Sacco agreed specifically to or knew

about all the details of the crime, or knew every other co-conspirator or that he participated in

each act of the agreement or played a major role, but the government must prove beyond a

16

reasonable doubt that he knew the essential features and general aims of the venture. Even if Sean Sacco was not part of the agreement at the very start, [he/she] can be found guilty of conspiracy if the government proves that he willfully joined the agreement later. On the other hand, a person who has no knowledge of a conspiracy, but simply happens to act in a way that furthers some object or purpose of the conspiracy, does not thereby become a conspirator.

An overt act is any act knowingly committed by one or more of the conspirators in an effort to accomplish some purpose of the conspiracy. Only one overt act has to be proven. The government is not required to prove that Sean Sacco personally committed or knew about the overt act. It is sufficient if one conspirator committed one overt act at some time during the period of the conspiracy.

The government does not have to prove that the conspiracy succeeded or was achieved. The crime of conspiracy is complete upon the agreement to commit the underlying crime and the commission of one overt act.

### 4.18.1341 Mail Fraud, 18 U.S.C. § 1341

Sean Sacco is charged with violating the federal statute making mail fraud illegal.

For you to find Sean Sacco guilty of mail fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

First, a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

17

Second, Sean Sacco's knowing and willful participation in this scheme with the intent to defraud or to obtain money or property by means of false or fraudulent pretenses; and

Third, the use of the United States mail, on or about the date charged, in furtherance of this scheme.

The mailings do not themselves have to be essential to the scheme, but must have been made to carry it out. There is no requirement that Sean Sacco himself was responsible for the mailings.

A scheme includes any plan, pattern or course of action. The term "defraud" means to deceive another in order to obtain money or property by misrepresenting or concealing a material fact. It includes a scheme to deprive another of the intangible right of honest services.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to whom it was addressed.

Sean Sacco acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around him, and did not act because of ignorance, mistake or accident.

18

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if Sean Sacco acted in good faith, he] cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what Sean Sacco] knew or intended at a particular time, you may consider any statements made or acts done or omitted by Sean Sacco and all other facts and circumstances received in evidence that may aid in your determination of Sean Sacco]'s knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the material transmitted by mail was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of the mail was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that Sean Sacco knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment, and that the use of the mail on or about the date alleged was closely related to the scheme because Sean Sacco either received something in the mail or caused it to be mailed in an

attempt to execute or carry out the scheme. To "cause" the mail to be used is to do an act with knowledge that the use of the mail will follow in the ordinary course of business or where such use can reasonably be foreseen.

### .18.1343 Wire Fraud, 18 U.S.C. § 1343

Sean Sacco is charged with violating the federal statute making wire fraud illegal.

For you to find Sean Sacco guilty of wire fraud, you must be convinced that the government has proven each of the following things beyond a reasonable doubt:

> First, a scheme, substantially as charged in the indictment, to defraud or to obtain money or property by means of false or fraudulent pretenses;

> Second, Sean Sacco's knowing and willful participation in this scheme with the intent to defraud; and

> Third, the use of interstate or foreign wire communications, on or about the date alleged, in furtherance of this scheme.

"Interstate or foreign wire communications" include telephone communications from one state to another [or between the United States and a foreign country.  The term also includes a wire transfer of funds between financial institutions.

A scheme includes any plan, pattern or course of action. The term "defraud" means to deceive another in order to obtain money or property by misrepresenting or concealing a material fact. It includes a scheme to deprive another of the intangible right of honest services.

The term "false or fraudulent pretenses" means any false statements or assertions that concern a material aspect of the matter in question, that were either known to be untrue when

20

made or made with reckless indifference to their truth and that were made with the intent to defraud. They include actual, direct false statements as well as half-truths and the knowing concealment of facts.

A "material" fact or matter is one that has a natural tendency to influence or be capable of influencing the decision of the decisionmaker to whom it was addressed.

Sean Sacco acted "knowingly" if he was conscious and aware of his actions, realized what he was doing or what was happening around [him/her], and did not act because of ignorance, mistake or accident.

An act or failure to act is "willful" if done voluntarily and intentionally, and with the specific intent to do something the law forbids, or with specific intent to fail to do something the law requires to be done; that is to say, with bad purpose either to disobey or to disregard the law. Thus, if Sean Sacco acted in good faith, he cannot be guilty of the crime. The burden to prove intent, as with all other elements of the crime, rests with the government.

Intent or knowledge may not ordinarily be proven directly because there is no way of directly scrutinizing the workings of the human mind. In determining what Sean Sacco knew or intended at a particular time, you may consider any statements made or acts done or omitted by Sean Sacco and all other facts and circumstances received in evidence that may aid in your determination of Sean Sacco's knowledge or intent. You may infer, but you certainly are not required to infer, that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted. It is entirely up to you, however, to decide what facts are proven by the evidence received during this trial.

21

Phone calls designed to lull a victim into a false sense of security, postpone injuries or complaints, or make the transaction less suspect are phone calls in furtherance of a scheme to defraud.

It is not necessary that the government prove all of the details alleged in the indictment concerning the precise nature and purpose of the scheme or that the material transmitted by wire was itself false or fraudulent or that the alleged scheme actually succeeded in defrauding anyone or that the use of wire communications facilities in interstate commerce was intended as the specific or exclusive means of accomplishing the alleged fraud.

What must be proven beyond a reasonable doubt is that Sean Sacco knowingly devised or intended to devise a scheme to defraud that was substantially the same as the one alleged in the indictment; and that the use of the wire communications facilities in interstate [or foreign] commerce on or about the date alleged was closely related to the scheme because Sean Sacco either made or caused an interstate [or foreign] telephone call to be made in an attempt to execute or carry out the scheme. To "cause" an interstate [or foreign] telephone call to be made is to do an act with knowledge that an interstate or foreign telephone call will follow in the ordinary course of business or where such a call can reasonably be foreseen.

### 4.18.2314 Interstate Transportation of Stolen Money or Property, 18 U.S.C. § 2314

Sean Sacco is accused of taking stolen money from state to state. It is against federal law to transport money from one state to another knowing that the money is stolen. For you to find Sean Sacco guilty of this crime, you must be convinced that the government has proven each of these things beyond a reasonable doubt:

First, that the money was stolen;

22

<u>Second</u>, that Sean Sacco took the money from state to state, or

willfully caused it to be taken;

<u>Third</u>, that, when Sean Sacco took the money from state to

state, or willfully caused it to be taken, he knew that it was stolen;

<u>Fourth</u>, that the money totaled; was worth $5,000 or more.

It does not matter whether Sean Sacco stole the money or someone else did. However, for

you to find Sean Sacco guilty of this crime, it must be proven beyond a reasonable doubt that he

took at least $5,000 or willfully caused at least $5,000 to be taken from state to state knowing it

was stolen.

### 6.01 Foreperson's Role; Unanimity

I come now to the last part of the instructions, the rules for your deliberations.

When you retire you will discuss the case with the other jurors to reach agreement if you

can do so. You shall permit your foreperson to preside over your deliberations, and your

foreperson will speak for you here in court. Your verdict must be unanimous.

### 6.02 Consideration of Evidence

Your verdict must be based solely on the evidence and on the law as I have given it to

you in these instructions. However, nothing that I have said or done is intended to suggest what

your verdict should be that is entirely for you to decide.

### 6.03 Reaching Agreement

Each of you must decide the case for yourself, but you should do so only after

considering all the evidence, discussing it fully with the other jurors, and listening to the views of

the other jurors.

23

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. It is important therefore that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, and if the greater number of you are agreed on a verdict, the jurors in both the majority and the minority should reexamine their positions to see whether they have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with them. You should not hesitate to reconsider your views from time to time and to change them if you are persuaded that this is appropriate. It is important that you attempt to return a verdict, but of course, only if each of you can do so after having made your own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

### 6.04 Return of Verdict Form

I want to read to you now what is called the verdict form. This is simply the written notice of the decision you will reach in this case.

[Read form.]

After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you, sign and date it, and advise the jury officer outside your door that you are ready to return to the courtroom.

After you return to the courtroom, your foreperson will deliver the completed verdict form as directed in open court.

24

### 6.05 Communication with the Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the jury officer signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing, and I will communicate with any member of the jury on anything concerning the case only in writing, or orally here in open court. If you send out a question, I will consult with the parties as promptly as possible before answering it, which may take some time. You may continue with your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone including me how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.


SEAN SACCO

By his Attorney,

*/s/ William M. White, Jr.*
William M. White, Jr.
Davis, Robinson & White, LLP
One Faneuil Marketplace, 3d Floor
Boston, MA  02109
(617) 723 - 7339

25

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS


UNITED STATES

V.                                                    NO.  04-10231 (MLW)

SEAN SACCO
_____


CERTIFICATE OF SERVICE

I hereby certify that on this dat a true copy of the attached document was served upon the attorney of record for the government, AUSA Victor Wild, which was e-filed this day, by mail, postage pre-paid.


/s/ William M. White, Jr.
William M. White, Jr.
Davis, Robinson & White, LLP
One Faneuil Marketplace, 3d Floor
Boston, MA  02109
(617) 723 - 7339