UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES | ) | |
| | ) | CRIMINAL INDICTMENT |
| V. | ) | NO. 04-10231 (MLW) |
| | ) | |
| SEAN SACCO | ) | |

**DEFENDANT SEAN SACCO'S SENTENCING MEMORANDUM
AND REQUEST FOR CONSIDERATION PURSUANT TO 18 U.S.C. §3553**

18 U.S.C. §3553(A) provides as follows:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence to be imposed –
>   (A)   to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>   (B)   to afford adequate deterrence to criminal conduct;
>   (C)   to protect the public from further crimes of the defendant; and
>   (D)   to provide the defendant with needed educational or vocational training, medical care, or other correction treatment in the most effective manner;
> (3) the kinds of sentences available. . . .

Pursuant to the standards clarified in *United States v. Booker*, 543 U.S. 220 (2005), Defendant Sacco requests this court to consider his overall circumstances and to impose a

2

sentence of probation.

## NATURE AND CIRCUMSTANCES OF THE OFFENSE

The nature and circumstances of the offense were addressed substantially in the Presentence Investigation Report (PSR).

The defendant would like to add the following for the court's consideration:

The defendant was hardly sophisticated, particularly where the government calls him a "straw" and a "gopher" and where the government acknowledges that the defendant had a minimal role. While sophistication may be a liability for the overall conspiracy, in addressing the individual defendant, the term is hardly applicable.

Moreover, Defendant Sacco's association with the overall conspiracy placed him in a role as a minimal participant. Coupled with his mother's circumstances and the utter lack of a meaningful role as a leader, organizer or manager, the minimal nature of his role is underscored.

> In a crime involving multiple participants, a district court may decrease a defendant's offense level by two to four levels if the defendant had a mitigating role in the offense. U.S.S.G. § 3B1.2. A four-level reduction may be granted for a "minimal participant," which is defined as someone who is "plainly among the least culpable of those involved in the conduct of a group." U.S.S.G. § 3B1.2, comment (n.4). A defendant may fit in this category if he is shown to lack "knowledge or understanding of the scope or structure of the enterprise and of the activities of others." *Id.* A two-level reduction is available for those who are also less culpable, "but whose role could not be described as minimal." *Id.* (n. 5). For those defendants falling between "minimal" and "minor," a three-level reduction is available. Sánchez-Hernández, Amparo-Hernández, and Ward-Bryan each received two-level reductions in their offense level; Salazar and Downs received three-level reductions.

3

*U.S. v. Downs-Moses*, 329 F.3d 253, 266 (1st Cir. 2003).

## **THE NECESSARY SENTENCE**

In reply to the question of what type of sentence ought to be imposed and how to fashion an individualized sentence in the circumstances, the defendant argues that while imprisonment might on some level reflect the seriousness of the offense, conviction and probation or some alternative would adequately achieve any necessary societal purposes. In the circumstances of the present case, imprisonment is not necessary to promote respect for the law.

The defendant, when asked prior to the indictment, appeared at the FBI offices without counsel and submitted to a complete interview where he discussed his dealing with Maggio and identified records that he signed. He later appeared in court when summonsed to do so. Defendant Sacco has since been in compliance with all conditions of pre-trial release. Since working for Maggio and throughout these proceedings, Defendant Sacco has maintained steady employment. Defendant Sacco is not a drug abuser.

Would imprisonment serve purposes of deterrence or can deterrence be achieved through other means? The defendant has been prosecuted through the instant action which has had a profound effect on him, physically and psychologically. The defendant well understands that in the future he has to seek advice from others who have more knowledge and experience than him when confronted with circumstances beyond his knowledge.

The defendant maintains that deterrence can and would be achieved in this case through alternatives to imprisonment. In the circumstances of what has been an otherwise law-abiding life, Defendant Sacco's actions with Maggio, at what was the lowest point in the defendant's life,

4

can certainly be viewed as an aberration. Thus, imprisonment should not be the only alternative considered to deter the defendant from similar future conduct.

Is the public in need of protection from this defendant in a manner that will only be served by imprisonment? Of course, the defendant urges the court to resolve the issue in his favor and says that if his previous life is any indication, if his previous honorable service to his country is an indicator, he would successfully complete any probationary term or other conditions imposed and not recidivate.

As for a fine, Defendant Sacco asks the court not to impose a fine. §3553(a) does not require a fine if the punishment imposed is otherwise sufficient. As a consequence of his conduct in the offense, the defendant declared bankruptcy. He has no assets of substance. Presently, the defendant does not have a high paying job. Defendant Sacco has otherwise suffered the financial ruin at an early age while pursuing a goal that was never there. That said, the defendant is capable of working and paying a fine should the court impose it, though he would ask the Court not to impose one.

5

## LETTERS OF REFERENCE AND SUPPORT

Attached to this motion are two letters attesting to Defendant Sacco's good character. The letters speak for themselves.

                                                      Respectfully submitted,

                                                      **/S/ William M. White, Jr.**
                                                      WILLIAM M. WHITE, JR.
                                                      BBO#:  546283
                                                      Davis Robinson and White, LLP
                                                      1 Faneuil Hall Marketplace, 3rd Floor
                                                      Boston, MA   02109
                                                      (617) 723-7339

**Dated:  October 6, 2006**

6

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES** | ) | |
| | ) | **CRIMINAL iNDICTMENT** |
| **V.** | ) | **NO.  04-10231 (MLW)** |
| | ) | |
| **SEAN SACCO** | ) | |

### C E R T I F I C A T E   O F   S E R V I C E

    I, William M. White, Jr., hereby certify that on thisOctober 6, 2006, I have served a true copy of the above Defendant's Sean Sacco's Sentencing Memorandum and Request for Consideration Purusant to 18 U.S. C. §3553 upon the attorney of record for the United States, Assistant United States Attorney Victor Wild, and all counsel of record by electronic filing, and by forwarding a written copy to Deputy Clerk Dennis O'Leary by mail, this 6th day of October, 2006.

                                                **/s/ William M. White, Jr.**
                                                WILLIAM M. WHITE, JR.
                                                BBO#: 546283
                                                Davis, Robinson & White, LLP
                                                1 Faneuil Hall Marketplace, 3rd Floor
                                                Boston, MA  02109
                                                (617) 723 - 7339

**DATE:  October 6, 2006**