Summary of Loans And Losses Sustained by CIT Corp.

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Loan Dates | Acct # | Acct Name | Total Paid Out by CIT | Payments | Total Pre Write-Off Recoveries Net of Costs | Post W/O Recoveries Deducted from Claim | Loss |
| 01-15-99 | 95661 | Earth Management | 399,000.00 | (108,044.53) | (66,222.55) | | 224,732.92 |
| 06-17-99 | 90006166 | Earth Management | 145,177.61 | (30,535.74) | (56,591.47) | | 58,050.40 |
| 06-25-99 | 90006560 | Sacco, Sean | 82,659.34 | (19,278.28) | (59,119.62) | | 4,261.44 |
| 07-21-99 | 90008029 | Havey, Matthew | 125,742.95 | (23,747.64) | 0.00 | | 101,995.31 |
| 07-21-99 | 90008126 | Earth Management | 147,438.46 | (27,706.50) | 0.00 | | 119,731.96 |
| 07-30-99 | 90013872 | Pessella, Susan | 331,722.50 | (49,601.45) | 0.00 | | 282,121.05 |
| 08-16-99 | 900014550 | Didinato, Richard | 298,051.95 | (59,928.00) | 11,337.46 | (87,420.00) | 162,041.41 |
| 08-27-99 | 90015097 | Didinato, Richard | 413,483.40 | (74,840.00) | 0.00 | | 338,643.40 |
| 10-13-99 | 90016500 | Earth Management | 399,752.24 | (37,932.52) | (60,525.77) | (22,115.25) | 279,178.70 |
| 10-06-99 | 90017792 | Sacco, Sean | 201,029.80 | (25,648.65) | (35,352.64) | | 140,028.51 |
| 11-23-99 | 90020519 | Winn, Harold | 643,005.72 | (40,557.00) | (83,445.36) | | 519,003.36 |
| 01-07-00 | 90024472 | Fenno, Angelo | 165,932.22 | 0.00 | (50,638.66) | (46,045.00) | 69,248.56 |
| | 90024995 | Fenno, Angelo | 168,574.08 | (250.00) | 0.00 | | 168,324.08 |
| 02-02-00 | 90026176 | Fenno, Angelo | 165,817.53 | (250.00) | 0.00 | | 165,567.53 |
| 02-02-00 | 90026269 | Northeast Remed. | 571,142.00 | (24,214.00) | (203,950.28) | | 342,977.72 |
| 02-03-00 | 90026499 | Demasi, Todd | 678,306.00 | (28,824.00) | (87,781.25) | | 561,700.75 |
| 02-08-00 | 90027501 | Calloway, David | 588,568.58 | (12,592.40) | (86,149.52) | | 489,826.66 |
| 02-18-00 | 90030555 | DeVeau Tractor | 525,000.00 | (33,632.40) | 60,939.25 | (335,000.00) | 217,306.85 |
| | | Unallocated - Recoveries | | | (46,367.75) | (33,000.00) | (79,367.75) |
| | | | 6,050,404.38 | (597,583.11) | (763,868.16) | (523,580.25) | 4,165,372.86 |

ASSIGNMENT

KNOW ALL MEN BY THESE PRESENTS, that CIT Group Inc., CIT Group, Inc. (NJ) and The CIT Group Holdings, Inc., for themselves and for all entities insured under Financial Institution Bonds No. 856-88-42, No. 569-17-12, No. 569-17-30, No. 360-76-27 and No. 360-76-44 (hereafter the "Bonds"), issued by National Union Fire Insurance Company of Pittsburgh, Pa. (hereafter "National Union"), including expressly, but not limited to, CIT Equipment Financing, Inc., CIT Group Equipment Financing, Inc. and all subsidiaries, affiliates, joint ventures or managed companies now existing or hereinafter created" (all hereafter collectively referred to as the "ASSIGNORS"), for and in consideration of the sum of THREE MILLION TWO HUNDRED NINETY FOUR THOUSAND FIVE HUNDRED TWELVE DOLLARS AND 91/100 CENTS ($3,294,512.91) paid or to be paid by National Union in accordance with the terms and provisions of a Release executed or to be executed in conjunction herewith, the receipt and sufficiency of which is acknowledged in the aforesaid Release, hereby irrevocably assign, transfer and convey unto National Union, any and all of their rights, titles, interests, claims, actions, causes of action and/or remedies with respect to the loss(es) or damage(s) alleged, claimed, or arising out of the Proof of Loss (and/or the exhibits and attachments thereto), sworn to on the 5th day of November 2004, by Thomas F. Magrath, and/or the allegations or contents of any other documents and/or information submitted and provided from time to time to National Union by or on behalf of the ASSIGNORS, or any of them, involving the acts, omissions and/or dishonesty of Michael R. O'Neill, including but not limited to

1. any and all claims, actions, causes of action, rights and/or remedies of the ASSIGNORS now existing, or as may later come into being, against Michael R.

O'Neill or any other person or entity that may have aided, abetted, assisted or acted in collusion or conspiracy with the said Michael R. O'Neill in causing the said loss(es) or damage(s), including, but not limited to Peter V. Maggio, III; Jeffery A. DeVeau (Deveau); William A. Howe; Louis A. Paradiso; Matt (Matthew) A. Hayoy; Sean Sacco; Angelo Fenno; David Calloway; Todd Demasi; Harold Winn; Susan Pesseile; Richard Didinato; Richard Mengher; DeVeau Tractor, Inc. d/k/a DeVeau Ford Tractor, Inc.; Metropolitan Crushing & Materials; Metropolitan Transportation & Equipment; Metropolitan Trucking & Leasing; S & S Trucking Co.; Earth Management & Equipment Co., Inc. a/k/a Earth Management Equipment Co.; Onsite Power Crushing; Wilmington Transportation Equipment Co.; SP Construction Services; MacDonald Contracting; ER Winter Transportation & Equipment; Croteau Trucking; Industrial Equipment & Dismantling Co.; Independent Equipment; Northeast Remediation Service, Inc.; North Suburban Bituminous, a/k/a North Shore Bituminous; A. Fenno & Sons; and Falcucci Construction Co., Inc.; and

2. any and all claims, rights and/or remedies of the ASSIGNORS now existing, or as may later come into being, to restitution in connection with any criminal proceeding against Michael R. O'Neill or any of the aforesaid individuals or entities, including, but not limited to the right to be awarded restitution from the court in the name of National Union, or to have National Union substituted as the real party interest with respect to any restitution ordered by the court in favor of the ASSIGNORS, or any of them, including expressly the right to recovery, restitution, and/or reimbursement under 18 U.S.C. § 3664(i)(1) or any other similar law, statute or common law right or remedy, or revision thereof, including in particular but not limited to restitution in

2

connection with the criminal proceeding stemming from a Superseding Indictment (or any preceding, subsequent or related indictment), filed under Criminal No. 04-10231-MLW, in the United States District Court, District of Massachusetts, entitled: "UNITED STATES OF AMERICA v. 1. PETER V. MAGGIO, III, 2. JEFFERY A. DEVEAU, 3. MICHAEL R. O'NEILL, 4. WILLIAM A. HOWE, 5. LOUIS A. PARADISO, 6. MATT A. HAVEY, and 7. SEAN SACCO Defendants";

The ASSIGNORS hereby agree to preserve and to produce at such times and places as may be reasonably requested by National Union all evidence regarding or related to the loss(es) or damage(s) alleged or claimed in the aforesaid Proof of Loss or supporting documents or information, and to appear at such places and times as may be reasonably necessary to give testimony in connection with any efforts by National Union to recover the said loss(es) or damage(s), and to otherwise reasonably cooperate with any such recovery efforts of National Union, including the execution of such documents as may be necessary to effectuate or supplement the rights assigned to National Union hereunder.

The ASSIGNORS hereby irrevocably give and grant unto National Union full power and authority in the name of the ASSIGNORS or in the name of National Union, but at National Union's expense, to demand or commence suit to recover the loss(es) or damage(s) alleged or claimed lost in the aforesaid Proof of Loss and supporting documents and information from and against Michael R. O'Neill and any and all individuals or entities that may have aided, abetted, assisted or acted in collusion or conspiracy with him, including, but not limited to Peter V. Maggio, III; Jeffery A. DeVeau (Devean); William A. Howe; Louis A. Paradiso; Matt (Matthew) A. Havey; Sean Sacco; Angelo Fenno; David Calloway; Todd Demasi; Harold Winn; Susan Pessella; Richard Didinato; Richard Mengher; DeVeau Tractor,

3

Inc. f/k/a DeVeau Ford Tractor, Inc.; Metropolitan Crushing & Materials; Metropolitan Transportation & Equipment; Metropolitan Trucking & Leasing; S & S Trucking Co.; Earth Management & Equipment Co., Inc. a/k/a Earth Management Equipment Co.; Onsite Power Crushing; Wilmington Transportation Equipment Co.; SP Construction Services; MacDonald Contracting; ER Winter Transportation & Equipment; Croteau Trucking; Industrial Equipment & Dismantling Co.; Independent Equipment; Northeast Remediation Service, Inc.; North Suburban Bituminous, a/k/a North Shore Bituminous; A. Fenno & Sons; and Falcucci Construction Co., Inc., any and all such rights, titles, interests, claims, actions, causes of action and/or remedies against the same; together with full power and authority to adjust, settle, or compromise any claims relating thereto, and upon recovery of the said loss(es) or damage(s) to keep and retain the same as the property of National Union, and to give a release or discharge of the same or any part thereof.

The ASSIGNORS hereby further agree that if they should recover or come into possession of any recovery on account of the loss(es) or damage(s) alleged or claimed in the aforesaid Proof of Loss or supporting documents or information, or any portion thereof, they will promptly remit the same to National Union, including, but not limited to the proceeds of any restitution ordered by the court against any of the aforesaid individuals or entities.

The ASSIGNORS acknowledge that they have carefully read, understood and considered the terms and provisions of this ASSIGNMENT, and that they have had sufficient time to read, understand and consider the same, and to consult with their counsel concerning the same. ASSIGNORS fully understand that by signing this ASSIGNMENT they are voluntarily assigning and transferring all rights, remedies, claims and causes of action that

4

they have to recover the loss(es) or damage(s) alleged in the aforesaid Proof of Loss and supporting documents and information.

ASSIGNORS further acknowledge that their agreement to execute this ASSIGNMENT is and was freely, knowingly and voluntarily made by them, with the full advice and explanation of their counsel, and not because of any duress or other undue influence.

ASSIGNORS further acknowledge that no promise or inducement which is not herein expressed has been made to induce or influence ASSIGNORS, to execute this ASSIGNMENT. In executing this ASSIGNMENT, ASSIGNORS expressly acknowledge that they are not doing so in reliance upon any statement or representation or other inducement made by any person, firm or entity, or by any agent, employee, officer, director, representative, attorney, accountant, adjuster, consultant, or other person representing National Union.

ASSIGNORS expressly warrant and represent that they are authorized to assign and transfer the rights, claims and causes of action assigned and transferred herein, and that the person(s) or entity(ies) signing this ASSIGNMENT on behalf of the ASSIGNORS is/are authorized by each of the ASSIGNORS to do so. ASSIGNORS further warrant that they are the sole owners of the rights, claims and causes of action assigned and transferred herein and that they have not otherwise assigned or transferred the same.

The individual(s) signing this ASSIGNMENT on behalf of the ASSIGNORS or on behalf of any ASSIGNOR warrant(s) and represent(s) that (s)he has been authorized by each ASSIGNOR on whose behalf this ASSIGNMENT is signed, to execute this ASSIGNMENT

5

on that or those ASSIGNORS' behalves and to assign and transfer the matters and things that are being assigned and transferred herein.

CIT Group Inc. expressly warrants and represents that it is authorized to act for and on behalf of CIT Group Holdings, Inc., on behalf of CIT Group, Inc. (NJ), and on behalf of all other ASSIGNORS identified in this ASSIGNMENT with respect to all matters and things that are the subject of this ASSIGNMENT.

IN WITNESS WHEREOF, ASSIGNORS have hereunto below set their hand and seal or have authorized the person and/or entity signing below to do so on their behalves, this 19 day of October in the year Two Thousand Six.

CIT Group Inc.

*[signature]*
Larraine A. Milazzo
Senior Vice President – Corporate Insurance

CIT Group Inc.
as successor by merger to The CIT Group Holdings, Inc.

*[signature]*
Larraine A. Milazzo
Senior Vice President – Corporate Insurance

CIT Group (NJ) LLC
as successor by merger to CIT Group Inc. (NJ)

*[signature]*
Larraine A. Milazzo
Senior Vice President

Dated: 10/19/06

6

## NOTARY'S ACKNOWLEDGMENT

State of New Jersey

County of Essex

On the 19th day of October, 2006, before me personally came Lorraine A. Milazzo, who by me being duly sworn did depose and say that (s)he is the Senior Vice President, Corporate Insurance of CIT Group Inc., and is the individual that executed the foregoing ASSIGNMENT on behalf of CIT Group Inc., The CIT Group Holdings, Inc., CIT Group, Inc. (NV) and on behalf of all other ASSIGNORS identified therein; and who represented to me that (s)he did so by authority given to him/her by each such ASSIGNOR and that (s)he signed his/her name thereto by like authority.

_[signature]_
Notary Public

Sworn to before me this
___ day of October 2006

CHRISTINE K. GADAMUS
NOTARY PUBLIC OF NEW JERSEY
Commission Expires 4/21/2008

7