IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | CRIMINAL CASE NO. 04-10231-MLW |
| V. ) | |
| PETER V. MAGGIO, III, ET. AL. ) | |

**GOVERNMENT'S SUPPLEMENTAL SENTENCING MEMORANDUM**

On November 3, 2006, this Court held a sentencing hearing in the above-referenced matter and ordered the parties to submit a supplemental sentencing memorandum addressing the issue of inter-defendant sentence disparities.  Docket 181. Accordingly, for the reasons set forth below, the government respectfully maintains that this Court lacks discretion to consider the sentence imposed on the cooperating co-defendant Deveau when it imposes sentences on the six remaining co-defendants.

**ARGUMENT**

A.  UNDER THURSTON, THIS COURT HAS DISCRETION TO AVOID UNWARRANTED SENTENCE DISPARITIES BETWEEN DEFENDANTS ACROSS THE NATION, NOT CO-DEFENDANTS IN A PARTICULAR CASE

In imposing a sentence, courts are required to consider, among other factors, "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct[.]"  18 U.S.C. § 3553(a)(6).  The First Circuit has held that Section 3553(a)(6) was "almost

1

certainly enacted by Congress to encourage a national uniformity focusing upon a common standard and looking to how most cases of the same kind were treated." United States v. Thurston, 456 F.3d 211, 216 (1st Cir. 2006)(internal quotations removed), petition for cert. filed, 75 U.S.L.W 3121 (U.S. Sep. 14, 2006)(No. 06-378);. Thurston further suggested that it would be problematic for a court to consider sentence disparities between co-defendants without giving "significant consideration to encouraging nationwide uniformity in sentencing," which is the "primary focus" of Section 3553(a)(6). Thurston, 456 F.3d at 216. In short, absent a "significant" examination of nationwide sentence uniformity, this Court lacks discretion to consider the sentence imposed on co-defendant Deveau when it imposes sentences on the remaining six co-defendants. Id.

B.  EVEN WITHOUT THURSTON, THIS COURT LACKS DISCRETION TO DEVIATE BASED ON THE SENTENCE IMPOSED ON A COOPERATING CO-DEFENDANT

While the defendant in Thurston has filed a petition for certiorari, the Supreme Court recently denied certiorari in a similar case upon which the Thurston court relied for support. United States v. Saez, 444 F.3d 15 (1st Cir. 2006), cert. denied, 75 U.S.L.W. 3171 (U.S. Oct. 2, 2006)(No. 06-5209). In Saez, the defendant received a 130 month sentence, while a cooperating co-defendant who benefitted from a 5K1.1 motion by the government received a non-Guidelines sentence from a different judge of 39

months.  Id. at 16-18.  The defendant argued that the court erred in imposing his sentence because it refused to consider the sentence imposed on his co-defendant, thereby creating an unwarranted sentencing disparity.  Id. at 16.  The First Circuit rejected this argument, stressing that Section 3553(a)(6) requires courts to avoid unwarranted sentencing disparities on a macroscopic level, i.e., between similarly-situated defendants across the nation, as opposed to on a microscopic level, i.e. between co-defendants in a single case.  Saez, 444 F.3d at 18-19.

While not directly holding that sentencing judges lack discretion to consider inter-defendant disparities, the Saez court did note that comparing one defendant's sentence to the sentence of a cooperating co-defendant "is about the weakest sort of proof of national practice that can be imagined."  Id. at 19.  The court reasoned that any effort to draw a comparison between different sentences imposed by different judges "opens the door to endless rummaging by lawyers through sentences in other cases, each side finding random examples to support a higher or lower sentence, as their clients' interests dictate."  Id.  This Court should follow Saez and resist the defendants' invitation to open that door.

The holding in Saez is consistent with holdings in other circuits.  In United States v. Boscarino, 437 F.3d 634 (7th Cir. 2006), a white-collar mail fraud prosecution, the defendant

received a guideline sentence of 36 months' imprisonment, while a cooperating co-defendant received a 20 month sentence after a 5K1.1 motion by the government. Boscarino, 437 F.3d at 637. The defendant argued that his sentence violated Section 3553(a)(6), because he received more time in prison than his cooperating co-defendant. The Seventh Circuit rejected this argument, finding that "a sentencing *difference* is not a forbidden disparity if it is justified by legitimate considerations, such as rewards for cooperation. Id. at 638 (emphasis in original)(internal quotations removed). The same should hold true here. See also United States v. Ebbers, 458 F.3d 110, 129 (2nd Cir. 2006)(rejecting argument that 25 year sentence imposed on defendant CEO created unwarranted sentencing disparities with co-defendants in part because co-defendants all pled guilty and cooperated); United States v. Duhon, 440 F.3d 711 (5th Cir. 2006)(vacating sentence of 60 months probation in possession of child pornography case as unreasonable, in part because court erred in considering sentence disparity with cooperating co-defendant, rather than sentence disparity with similarly situated defendants nationwide); cf. United States v. Parker, 462 F.3d 273 (3rd Cir. 2006)(holding that while district courts not prohibited from considering inter-defendant disparities, sentence disparity between cooperating and non-cooperating defendant was reasonable and warranted).

C.  A DEVIATION BASED ON THE SENTENCE OF A COOPERATING CO-DEFENDANT WOULD CONTRADICT THE PLAIN LANGUAGE OF 18 U.S.C. § 3553(a)(6)

Leaving aside Thurston, Saez, Boscarino, Ebbers, and Duhon, a deviation or departure in this case based on the sentence imposed on cooperating co-defendant Deveau would contradict the plain language of Section 3553(a)(6). Section 3553(a)(6) does not require courts to avoid *all* sentence disparities. Rather, it requires courts to avoid only those sentence disparities that are unwarranted. Clearly, sentence disparities between cooperating and non-cooperating defendants are warranted, since Congress intended cooperating co-defendants to receive a benefit. See, e.g., 28 U.S.C. § 994(n)(requiring guidelines to "reflect the general appropriateness of imposing a lower sentence than would otherwise be imposed... to take into account a defendant's substantial assistance in the investigation or prosecution of another person"); see also 18 U.S.C. § 3553(e)(granting courts authority to impose sentence below statutory minimum "so as to reflect a defendant's substantial assistance in the investigation or prosecution of another person"). Nothing in Section 3553 suggests that courts have discretion to avoid sentence disparities specifically intended by Congress.

Similarly, Section 3553(a)(6) requires courts to avoid unwarranted sentence disparities between *similarly situated* defendants. The six defendants before this Court are not

similarly situated to the defendant Deveau. Deveau cooperated in a manner to earn a 5K1.1 departure, they did not. Accordingly, taking his sentence into consideration when fashioning theirs would be akin to comparing apples to oranges. See, e.g., United States v. Mateo-Espejo, 426 F.3d 508, 514 (1st Cir. 2006)("A well-founded claim of disparity, however, assumes that apples are being compared to apples. Here, there is no true disparity; differences between the appellant's belated and grudging cooperation and [his co-defendant's] prompt and full cooperation sensibly account for the differing sentences.")  In the case of defendant O'Neill, his first meeting with the FBI resulted in denials and avoidance of the truth until directly confronted with tangible evidence. At his second meeting with the FBI, accompanied by counsel, O'Neill omitted many of the facts and important incidents he has now revealed in the sentencing process.

D.   A DEVIATION BASED ON THE SENTENCE OF A COOPERATING CO-DEFENDANT WOULD CONTRADICT 18 U.S.C. § 3553(a)(2)(A)

A deviation based on the sentence imposed on the cooperating co-defendant Deveau would not only contradict Section 3553(a)(6), but other provisions of Section 3553 as well. For example, such a deviation would be unjust, for it would allow the six remaining defendants to unfairly gain some of the benefits of cooperation, without ever having cooperated themselves. 18 U.S.C. § 3553(a)(2)(A). It would also fail to promote respect for the

law, for any defendant in a multi-defendant case could expect leniency as long as one of their co-defendants cooperated.  Id. At the same time, such a deviation would dilute the benefit of cooperation, thereby weakening future law enforcement efforts in areas such as white collar crime, where cooperation is often a critical component of large investigations.

E.   A DEVIATION BASED ON THE SENTENCE OF A COOPERATING CO-DEFENDANT WOULD CREATE PRECISELY THE KIND OF UNWARRANTED SENTENCE DISPARITIES THAT 18 U.S.C 3553(a)(6) PROHIBITS

Finally, and perhaps most importantly, a deviation based on the sentence imposed on the cooperating co-defendant Deveau would create precisely the kind of unwarranted sentence disparity that Section 3553(a)(6) instructs courts to avoid.  Presumably, if the this Court imposed sentences on the six remaining co-defendants that took into consideration the sentence imposed on the cooperating co-defendant Deveau, those sentences would be below the national norms.  See, e.g., Saez, 44 F.3d at 19 ("[a]t the present time, the guidelines themselves are almost certainly the best indication of ordinary practice since most sentences are within the guidelines.")  In other words, nationwide sentence disparity would *increase*.  Nothing in Section 3553(a) suggests that courts have discretion to impose such a sentence.

**CONCLUSION**

For all of the above reasons, the government respectfully maintains that this Court lacks discretion to consider the sentence imposed on the cooperating co-defendant Deveau when it imposes sentences on the six remaining co-defendants.

                            Respectfully submitted,

                            MICHAEL J. SULLIVAN
                            United States Attorney

                    By:  /s/ Victor A. Wild
                            VICTOR A. WILD
                            Assistant U.S. Attorney

**CERTIFICATE OF SERVICE**

    I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF)

                                       /s/ Victor A. Wild  
                                       VICTOR A. WILD  
                                       Assistant U.S. Attorney

November 10, 2006.