UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                                                              NO. 04-10231 (MLW)

SEAN SACCO

---

### DEFENDANT'S SUPPLEMENTAL SENTENCING MEMORANDUM

When the parties last convened for the sentencing hearing, *United States v. Thurston*, 456 F. 3d 211 (1st Cir. 2006) provided a focal point for purposes of resolving inter-defendant sentencing issues in the case. At issue is whether the court may be required to treat otherwise similarly situated defendants who have all pled guilty differently at sentencing, regardless of the government's 5K1 benefit to one defendant and regardless of the overarching goals of 3553 (a).

> A court may sentence below the guidelines because the guideline sentence appears unreasonable in the "particular case[]." *Jimenez-Beltre*, 440 F.3d at 518, but not because of ""general disagreement with broad-based policies enunciated by Congress or the Commission." *Pho*, 433 F.3d at 65. Here, the court pointed to no facts concerning Thurston's offense or individual circumstances indicating that [the sentence imposed] would adequately deter similar crimes."

*Thurston,* 456 F.3d at 218-19.

In *Thurston*, the court had similarly situated defendants. The difference was that *Thurston* went to trial while his co-defendant took the government's plea deal.

Here, Defendant Deveau made his deal with the government, received his 5K1 and was

2

sentenced (in another district).

Deveau was at the top of conspiracy orchestrating deals that he benefited from immediately. He had full knowledge of the scope of what he and others engaged in. He directed others and got other involved. His financial benefits were handsome. When it came time for him to sing, he was rewarded with a sentence of one year and one day. Solely because he sang the government's tune, the government now says that the court should not ignore the tune that Deveau sang to get his sentence.

Defendant Sacco and others stand before the court after pleading guilty. When he was notified to appear at the FBI offices, Defendant Sacco appeared without counsel and reviewed documents, identified documents that he signed and answered all questions about his knowledge concerning Maggio and the business. As a straw who had been shielded from the true financial inner workings of the conspiracy, Defendant Sacco was hardly in a position to offer more information. (The government never complained that Defendant Sacco lied or otherwise provided anything other than truthful information.)

If the court takes the government's position and ignores Deveau's sentence while ratifying the government's proposed sentences, the result has the potential of thwarting the purposes set forth in Sec. 3553(a) and allowing the government to control all aspects of sentencing. *See Thurston* at 217 (Sentencing is primarily a judicial function." *Citing United States v. Mistretta*, 488 U.S. 361, 390, 109 S.Ct. 647, 102 L.Ed. 2d 714 (1989).

As for Defendant Sacco, he states that the circumstances facing the court are distinguishable from Defendant Thurston's and his co-defendant Isola. Unlike Deveau,

3

Defendant Sacco directed no one. He led no one. He did not manage anyone. Defendant Sacco did not use anyone. He did not lie to anyone to get them to join the conspiracy. He did not look for someone to prey on.

Before being solicited to join the conspiracy, Defendant Sacco had no prior history of convictions or arrests. He had no prior history of drug abuse. He had served in the Marine Corps Reserves and been honorably discharged. While raised in a single parent household, he had attended the University of Massachusetts and obtained his degree, notwithstanding the absence of any business courses. At 24-years of age, he was gainfully employed before joining the conspiracy.

Defendant Sacco did not reap millions of dollars in financial rewards like Deveau and Maggio. And while the government correctly observed that Sacco benefited financially, Sacco's financial benefit, which was just enough money to live on, can hardly be compared with the rewards of Deveau and Maggio. Sacco worked every day for the money he received. Sacco hardly had the financial wherewithal to forward millions of dollars by wire transfers and checks like Deveau. To attempt a comparison of Deveau to Sacco is to underscore exactly why the court should not ignore Deveau's sentence.

While *Thurston* discouraged relying too heavily on inter-defendant differences as a basis for departing, it did not warn against consideration of the goals set forth in Section 3553(a) in imposing sentence. Whether he cooperated or not, Deveau's sentence cannot set a bar to the goals of Section 3553(a).

Where defendant Sacco entered the conspiracy at a very vulnerable point in his life,

4

following the very serious illness of his mother, and where Sacco was led to believe that he was joining a legitimate business, the court must be permitted to sentence him differently from those at the top who cultivated and managed the illegal enterprise, including Sacco's participation.

Defendant Sacco says that a period of probation would be appropriate in the circumstances and will advance the goals set forth in Section 3553(a).

Respectfully submitted,

/S/ William M. White, Jr.
WILLIAM M. WHITE, JR.
BBO#:  546283
Davis Robinson and White, LLP
1 Faneuil Hall Marketplace, 3rd Floor
Boston, MA   02109
(617) 723-7339

Dated:  November 13, 2006

5

UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

UNITED STATES

V.                                                               NO. 04-10231 (MLW)

SEAN SACCO
_____

CERTIFICATE OF SERVICE

      I, William M. White, Jr., hereby certify that on this November 13, 2006, I have served a true copy of the above Defendant's Supplemental Sentencing memorandum upon the attorney of record for the United States, Assistant United States Attorney Victor Wild and Sean P. Buckley, U.S. Probation, and to Dennis O'Leary, Courtroom Clerk to the Honorable Mark L. Wolf, by mail and electronic filing, which was e-filed this day,

                                                        /s/ William M. White, Jr.
                                                         WILLIAM M. WHITE, JR.
                                                         BBO#: 546283
                                                         Davis, Robinson & White, LLP
                                                         1 Faneuil Hall Marketplace, 3rd Floor
                                                         Boston, MA  02109
                                                         (617) 723 - 7339

DATE:  November 13, 2006